UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN OLAGUES,                       No. C 07-3918 JSW (PR)

    Petitioner,                    **ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    v.

CHARLES FOTI, ATTORNEY GENERAL OF LOUISIANA,

    Respondent.
_____/

    Petitioner, a probationer in Louisiana, after a conviction in Marin County, California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction in the United States District Court for the Eastern District of Louisiana. The petition was transferred to this Court on July 31, 2007. Petitioner apparently paid the $5.00 filing fee in the Eastern District of Louisiana.

    Petitioner has named as Respondent the Attorney General of Louisiana. However, this is not the proper respondent. The proper respondent in a federal habeas corpus petition is ordinarily the petitioner's immediate custodian. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). A custodian "'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner.'" *Id.* (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)). "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). In general, the proper respondent will depend on the given situations. Where a petitioner is in physical

1

custody due to the state action he is challenging, "[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison)." Rule 2(b) of the Rules Governing Habeas Corpus Cases Under Section § 2254 advisory committee's note. Where the petitioner is on probation or parole, he may name his probation or parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 896 (9th Cir. 1996). Failure to name Petitioner's custodian as a Respondent deprives federal courts of personal jurisdiction. *Id.* However, a petitioner ordinarily should be given leave to amend his petition to name the correct party as respondent. *See id.* Petitioner is granted leave to amend to name the proper Respondent in this matter and must do so within thirty days from the date of this order.

The petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. The petition contain claims regarding the trial court's lack of subject matter jurisdiction and territorial jurisdiction, the state's failure to prove an element of the crime, venue, the court's refusal to allow a challenge to the custody order, assumption of evidence not proven, and admission of hearsay evidence. However, in the petition, Petitioner fails to allege that his federal constitutional rights were violated by the above errors, except that of the venue challenge, where he alleges the violation of his Sixth Amendment rights.

Petitioner has attached many documents to the petition, but he has not attached his appellate briefs from the state appellate court, so this Court is unable to determine whether his claims are purely based on state law, or whether Petitioner presented federal claims in the state courts, but has failed to name them as such here. However, because only federal claims that have been previously exhausted in the state courts may be considered, Petitioner will be provided with an opportunity to file an amended petition, identifying which of his claims allege the violation of his federal constitutional rights.

2

**DISCUSSION**

A.    Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.    Petitioner's Claims

Petitioner's federal habeas petition contains six separate claims. However, the petition has a critical defect: the petition does not mention any violation of a federal right with regard to five of the six claims he wishes to raise. A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing *Engle v. Isaac*, 456 U.S. 107, 119 (1982)), *cert. denied*, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle*, 456 U.S. at 119; *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994). Petitioner's petition must be dismissed for failure to state a cognizable claim for federal habeas relief as to five of the six claims raised. However, he will be given leave to amend to cure this defect.

3

**CONCLUSION**

For the foregoing reasons and for good cause shown, this action is dismissed with leave to file an amended petition within ***thirty days*** of the date of this order in which Petitioner names the proper Respondent and presents only claims for violations of his rights under the laws, treaties, or Constitution of the United States. Each and every such claim must have been presented to the California Supreme Court before it may be asserted in a federal habeas action. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). The amended petition must contain the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Failure to file an amended petition by the deadline will result in dismissal of all claims in the petition, except claim three, which alleges the violation of a federal right. If Petitioner only wishes to raise the venue claim here, he need not file an amended petition and the Court will proceed on that claim alone, but he must notify the Court of the proper Respondent within thirty days.

It is Petitioner's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with any orders of the Court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

IT IS SO ORDERED.

DATED: November 27, 2007

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN OLAGUES,

    Plaintiff,

v.

CHARLES FOTI et al,

    Defendant.
_____/

Case Number: CV07-03918 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 27, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Olagues
413 Sauve Road
River Ridge, LA 70123

Dated: November 27, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk