IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN OLAGUES, | ) | No. C 07-3918 JSW (PR) |
| Petitioner, | ) ) | |
| vs. | ) ) | **ORDER TO SHOW CAUSE** |
| CHARLES FOTI, ATTORNEY GENERAL OF LOUISIANA, | ) ) ) | |
| Respondent. | ) ) ) | |

## INTRODUCTION

Petitioner, a probationer in Louisiana after a conviction in Marin County, California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction in the United States District Court for the Eastern District of Louisiana. The petition was transferred to this Court on July 31, 2007. after Petitioner apparently paid the $5.00 filing fee in that Court.

In the initial review of the petition, this Court dismissed all the claims except Claim Three, providing Petitioner with an opportunity to amend to correct the deficiencies in the petition. Petition subsequently filed an amended petition that attempted to incorporate the earlier dismissed petition by reference. Because of this error, the Court again provided Petitioner with an opportunity to file an amended petition to correct the deficiencies as to all claims other than Claim Three in the original petition. Petitioner was warned that failure to do so would result in the Court proceeding on only Claim Three in his original

petition. Petitioner has failed to file an amended petition. As a result, this order directs Respondent to show cause why Claim Three in the original petition should not be granted.

**BACKGROUND**

According to the petition, on November 5, 2005, Petitioner was sentenced to three years probation, to be supervised in Louisiana after a Marin County Superior Court Jury convicted him on charges of violating Penal Code Section 278.5(a). Petitioner appealed his conviction to California Court of Appeal, which denied his appeal. Petitioner also filed a petition for review in the Supreme Court of California, which was denied in 2007. The instant federal habeas petition was filed in this Court on July 31, 2007.

**DISCUSSION**

I    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

The petition raises the following ground for relief: the lack of proper venue for Petitioner's prosecution in California for a crime that was allegedly committed in Louisiana violated Petitioner's Sixth Amendment rights. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief on his claims. Accordingly, Respondent is ordered to respond to the petition as set forth below.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the original

petition filed in this Court on July 31, 2007, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

    2. Respondent shall file with the Court and serve on Petitioner, within **forty five (45)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

    3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

    4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

    IT IS SO ORDERED.

DATED: May 14, 2010

                                JEFFREY S. WHITE
                                United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

|   |   |
|---|---|
| 1 | NORTHERN DISTRICT OF CALIFORNIA |

JOHN OLAGUES,

        Plaintiff,

 v.

CHARLES FOTI et al,

        Defendant.

Case Number: CV07-03918 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 14, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Olagues
413 Sauve Road
River Ridge, LA 70123

Dated: May 14, 2010

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

4